FRANCISCO DAMASO GODREAU Y DUFAU, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 700. Submitted January 13, 1928.—Decided January 31, 1928.

*José Tous Soto* for the appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

Francisco Damaso Godreau y Dufau executed a public deed on September 30, 1927, wherein he stated that he had signed on that day a note payable to the bearer for $15,000 to mature on September 30, 1937, with interest at the rate of ten percent annually to be paid monthly, and to secure its payment he mortgaged the properties described in the deed.

The Registrar of Property of Guayama refused to record the mortgage on the ground that the obligation secured thereby is not identified in any way nor transcribed for the purpose of determining whether it can be identified by its contents. From that decision Godreau took the present administrative appeal.

There is no statute requiring that in such a mortgage a literal copy of the note secured thereby shall be inserted in the deed and therefore there was no justification for the refusal of the registrar to record the instrument for failure to copy into the mortgage deed the note secured by it. However, we recommend as good practice that followed by many notaries of transcribing the note in the deed because such procedure facilitates its identification by all persons having anything to do with the note and especially those who must accept the note or notes, thus providing them with the certainty that that is the very note secured by the mortgage. We expressed ourselves in similar terms in *Ríos v. Registrar*, 23 P.R.R. 634, for a registrar having assigned as a curable defect in the record of a similar mortgage the fact that the promissory note copied into the deed did not state that the said note was secured by mortgage, we held that although it was not necessary to state that fact in the note, it would be better for greater lucidity in cases of this kind if the same notary before whom the mortgage deed was

executed should insert a note to this effect at the foot of the instrument whose payment it secured.

In regard to the fact that the note so secured is not identified in any way we will say that there is very little to be found in this respect in the Mortgage Law and its Regulations. Section 153 of that Law, as amended by Act No. 33 of 1912, p. 67 of the laws of that year, says only that in a mortgage created to guarantee obligations negotiable by means of endorsements or securities to bearer, when the mortgage interest is alienated or assigned, it shall be understood that the latter is transferred together with the obligation or with the deed, it being unnecessary to give notice thereof to the debtor, or to record the transfer in the registry; and that such obligations may be constituted by the owner of an estate or interest, without specifying the name of the creditor, executing them generically to the order of the person in whose favor the handwritten documents may be transferred or endorsed by the mortgagor. That section, as stated by this court in *Colberg* v. *Banco Territorial y Agrícola,* 12 P.R.R. 307, authorizes that kind of a mortgage without any distinction whatsoever between negotiable obligations, whether contracted by private individuals or by railroad companies, banks, or other corporations. Nor is any light thrown on the question before us by section 82 of the Law cited, as amended by Act No. 22 of 1923, p. 218 of that year's laws, which refers also to notes secured by mortgage, for in that particular it says only in its last paragraph that records made to secure sums represented by negotiable paper, to bearer or by endorsement, shall be canceled upon presentation of an instrument executed by the persons who may have collected the credits, which instrument must set forth that the negotiable paper to bearer or by endorsement was canceled at the time of its execution; and that if all or any of such papers shall have been lost, such records may be canceled only by court order showing that final judg-

ment has been rendered and obtained through regular procedure under the Code of Civil Procedure, declaring that such obligations have been extinguished. That amendment has no other scope than to suppress the cancellation on application signed by the parties concerned and by the debtor to which are attached the negotiable paper referred to, as authorized by the law previous to its amendment.

As may be seen, there is nothing in the cited sections in regard to the manner of referring in the deed to the said notes. Section 183 of its Regulations says only, expressly referring to section 182 dealing with mortgage obligations payable to bearer issued by public works companies, that in this kind of a deed the number and total value of actions issued for the security of which the mortgage is created must be stated, as well as the series of which they form a part, and the face value of each, the date or dates of the issues, the interest they bear, and the other circumstances which fix and determine the class of securities and values, as well as the thing mortgaged, that is to say, whether it is the works or the profits of the entire enterprise, or a part thereof only; which circumstances shall be set forth in the record.

Nor have these provisions been enacted for mortgages similar to the one involved in this appeal, but owing to their similarity to the case before us the appellant caused the above circumstances in their pertinent part to be set forth in his mortgage deed, for he states therein that he had signed a note payable to bearer, the date of signing, that of its maturity, its face value, the interest it bears and how it shall be paid. We think, therefore, that the deed shows as sufficiently identified the note secured by the mortgage sought to be recorded.

Before concluding we wish to state that the registrar calls our attention to the fact that, owing to the nature of this kind of a mortgage with the note easily exchanging hands, there is great danger of fraud, as for instance, drawing

another note which later may be offered as genuine, and that therefore mortgage notes should be copied into the deed and be verified by the notary authenticating the mortgage deed so as to be easily identified. It is true that in such transactions there is great danger of fraud, so much so that in the explanatory statements prefacing the Mortgage Law of 1861 for Spain there was a strong opposition to the allowance of this class of mortgages, but in spite of this the Spanish Congress enacted them and later made them extensive to our legislation which, as we have seen, says very little or nothing as to the manner of constituting this class of mortgages. But as we are not legislators, we can add nothing to the law, although we think that our Legislature should regulate this matter more specifically so that this class of notes could be identified in such manner as to preclude the possibility of fraud or of any doubt concerning their authenticity. This surely would redound to the benefit of the territorial credit as in that way their transfer could be made easier and money obtained by them.

The decision appealed from is reversed and the record of the mortgage ordered.